*In the Matter of the Application of* EVALINA CLARA CUN-
NINGHAM, *to Compel the Issuance of a Patent.*

1. STATE LANDS; RIGHT TO A PATENT; *Receipt of State Treasurer.*
   Neither the act of the legislature of Kansas entitled "An act provid-
   ing for the sale of public lands to aid in the construction of certain
   railroads," approved February 23d, 1866, (Laws of 1866, page 142,)
   nor any other act makes it the duty of the governor to issue a patent
   for land sold under said act of 1866, until "a receipt of the state
   treasurer for full payment" for the land has been presented to him.

2. MANDAMUS, *Against Public Officer.* A writ of mandamus can be is-
   sued against a public officer only in a case where the officer has
   neglected or refused to perform some official duty. And therefore,
   where no "receipt of the state treasurer for full payment" for land
   sold under said act of 1866, has been presented to the governor, nor
   even issued, a writ of mandamus will not be issued against the gov-
   ernor to compel him to issue a patent for land sold under said act.

*Original Proceedings for Mandamus.*

A VERIFIED PETITION for a mandamus was filed in this
court on the 16th of March 1875, which alleged the follow-
ing facts:

"That on the 8th of June 1868, one H. S. Cunningham
purchased from George W. Veale, who was then the duly-
appointed, authorized and acting agent of the state for the
sale of the same, the S.E.¼ of section 6, in township 6, of
range 5 east, said land being a part of the 500,000 acres
granted to the state of Kansas by the act of congress approved
September 4th 1841, and by the state of Kansas ordered to
be sold by virtue of an act of the legislature approved Feb-
ruary 23d 1866: And at the time of said purchase said Cun-
ningham paid one-half of the purchase-money, to-wit, the
sum of $160, and gave his note for the balance, to-wit, $160,
payable two years after date, and thereupon he obtained from
said agent a certificate stating the facts heretofore set out, and
stating further, that on payment of said note and presentation
of said certificate to the governor of said state he, or his as-
signs, should be immediately entitled to a patent for said
land, which said certificate is now produced for the inspection
and order of this court. That on the 19th of April 1869 the
said H. S. Cunningham duly and for a valuable consideration

assigned said certificate to the relator, which assignment, duly acknowledged, is here presented to the court for inspection. That after the note hereinbefore referred to became due, to-wit, January 9th 1874, the relator paid the same, principal and interest, to one R. D. Mobley, (who was then the duly-appointed and acting agent of the state to sell the lands here-inbefore mentioned, and to take pay for the same,) and took up said note, and received from said Mobley a certificate that the payments in full had been made on said lands, which said note and certificate are now shown to the court. By reason of which facts your relator became and is entitled to a patent for said land, and accordingly on the 10th day of March 1875 she exhibited the papers hereinbefore referred to to Thomas A. Osborn, who was then and still is the governor of the state of Kansas, and demanded that he issue to her a patent for said lands, but the said Thomas A. Osborn, disre-garding his duty in the premises, refused and still refuses to issue a patent, admitting that all that is set forth in this pe-tition is true, but alleging that the relator has not produced a receipt from the treasurer of state for the money so paid.

"The relator admits that she has not and cannot produce such a receipt, for the reason that the treasurer refuses to give one. The relator is informed and believes it to be true, that the said R. D. Mobley, disregarding his duty, has not paid said money into the state treasury, but is wholly insolvent, and has converted said money to his own use. The relator has no plain and adequate remedy in the ordinary course of the law, and therefore prays that a peremptory writ of mandamus may issue at the cost of the relator, to Thomas A. Osborn, commanding him forthwith, as governor of the state of Kan-sas, to issue to relator a patent for the lands hereinbefore described."

*A. L. Williams*, and *Ross Burns*, appeared for the relator, and made oral arguments in support of their motion for a mandamus. No appearance in opposition.

The opinion of the court was delivered by

VALENTINE, J.: This is an application for a writ of man-damus to compel Thomas A. Osborn, governor of the state of Kansas, to issue a patent to the relator for some land claimed by her under a purchase made under an act of the

legislature entitled "An act providing for the sale of public lands to aid in the construction of certain railroads," approved February 23d, 1866. (Laws of 1866, p. 142.) The governor refuses to issue the patent on the ground that the relator has not presented to him "a receipt of the state treasurer for full payment" for the land, as provided by § 3 of said act. It not only appears from the proofs presented to us that the relator has not presented such receipt to the governor, but it also appears that no such receipt has ever been issued; nor has full payment even ever been made to the treasurer for the land. It is alleged however by the relator, that full payment has been made to the state agent, and that it is the agent who has failed to make the proper payment to the treasurer. Under these facts can a writ of mandamus be issued against the governor? We think not. There is no law that requires him to issue a patent in a case like the one at bar, except upon presentation to him of said receipt. That receipt has not been presented. Then what official duty has he neglected or refused to perform? None has been pointed out to us, and we know of none. We suppose it is clear beyond all doubt that the writ of mandamus can be issued against a public officer only in a case where such officer has neglected or refused to perform some official duty. No such neglect or refusal is charged against the governor in this case. The writ of mandamus prayed for will therefore be refused.

All the Justices concurring.